Dickman, J.
The first question that claims our consideration is,, whether the original petition states facts sufficient to constitute a cause of action for damages, in consequence of excavating and filling the highway to which the lands and buildings of the plaintiffs were adjacent. The general rule is well established in this state, that a municipality may become liable for consequential damages caused in grading a street. The owner of a lot abutting on a street has an easement in the street appendant to his lots whereby he is entitled to an unobstructed access to and from the street, and this appendant easement is as much property as the lot itself. This right of property vested in the owner of abutting land is subject, however, to the right of the public to grade and improve the street. ’But grades once established are presumptively permanent and cannot, it is obvious, be changed without causing injury and confusion. Elliott on Roads and Streets, 346. And, as is said in Crawford v. Delaware, 7 Ohio St., 471, “if, after establishing the grade, they block up or cut down the street before one man’s house for .the benefit of others, doing a substantial injury, the rights of property have been invaded, and the plainest principles of justice require compensation.”
The private rights, easement and facilities of the owner of lands in the adjacent highways, are not, upon principle, materially different from those of the owner of lots in towns and cities in the adjacent streets. But, in both instances, it is recognized as a fundamental principle, that if improvements are made on lots or lands in accordance with an established grade, and the grade is afterwards altered, and a substantial injury thereby done to the owner of such lots or lands, he will be entitled to compensation.
A grade line for a public road or highway may become practically established though not evidenced by legislative enactment definitely fixing the line. In Akron v. Chamberlain Co., 34 Ohio St., 336, it is said: “We are of opinion that the establishment of a grade whereby lot owners are justified in assuming that no change will be made in the grade of a street, and may, therefore, improve their lots with reference to its present condition, so that the munici *634 pality will be liable for injuries to their improvements, resulting from a subsequent change of the grade, does not necessarily require the passage of an ordinance or other legislative action; but it may be shown, by the nature of the improvement on the surface of the street, under the direction or sanction of the proper authorities, whether in accordance with an ordained grade line or not.”
And when a public highway has been so laid out as to indicate that it is designed for permanent use by the public without substantial alteration, and the owner of adjacent lands and buildings improves the same with due reference to the highway as thus established, and to its reasonable improvement in the future for the public convenience, if such owner's passage to and from the highway be thereafter impaired by a substantial alteration in the highway, it will be an injury to his property for which he will be entitled to indemnity. This is but a restatement of the rule announced in the opinion in Jackson v. Jackson, 16 Ohio St., 168; that súch owner has a private right of access to and from the highway; and, when he has made improvements on his land, with direct reference to the adjoining highway as then established, and with reasonable reference to its prospective improvement and enjoyment by the public, he has a private right of way, or passage, to and from the highway as it then exists; and any substantial change in the highway, to the injury of such passage or way, is an invasion of his private property; and this private right extends so far as the reasonable and convenient enjoyment of such improvements requires the use of the adjacent highway.
The record in the case at bar discloses as facts admitted on demurrer to the original petition, that the grade of the public road leading from Doylestown to Akron had been established, •kept and maintained in reference to adjacent lands; and the grade and surface of the road, and the plaintiffs’ lands, for at least fifty years preceding, and until the change of the grade and surface level of the road in 1884, had been kept and maintained at practically the same level. The plaintiffs’ lands adjacent to and along the road had, during the time above mentioned, been improved with suitable buildings *635 thereon; and had been so improved, and the buildings erected and maintained with reference to the established grade of the road, and with reasonable reference to its prospective improvement and future enjoyment by the public. By reason ■of the established grade and relative level of the road, there was ready and easy access between the road and the lands and buildings of the plaintiffs. But, by changing the grade and surface level, in the manner and to the extent set forth in the petition, the means of access to lands, buildings and improvements from the road, and to the road from such lands, have been impaired and made inconvenient and difficult.
Upon an application to the facts stated in the petition, of the legal principles recognized and enforced in the decisions of this court, we are of the opinion, that the plantiffs in error had a right of action against the .defendants in error for damages in consequence of the alleged change and alteration in the grade of the road or highway.
But it is urged in behalf of the defendants, that the petition in the case sets forth a tort, and that, therefore, the action is not maintainable against the board of county'commissioners in their quasi corporate capacity. County commissioners have power to improve any state, county, or township road, ■or any part thereof, by grading, paving, graveling, planking •or macadamizing the same. Revised Statutes, section 4829. Having exercised the power granted by statute of changing the grade of the road or highwajq for the purpose of improving the same, there is no claim that the work was done in a careless manner, and no question consequently arises of negligence in the discharge by the defendants of their official functions. In their official capacity, as the representatives of the county, having improved the road for the public benefit by changing its grade, the sole question involved, namely, that of compensation by the county, to the owner of adjacent lands, gives rise to no inquiry as to any personal wrong, neglect, or default on the part of the commissioners.

The judgments of the circuit and common pleas courts should be reversed, and the cause remanded for further proceedings.

fudgment accordingly.